[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (#109)
The judgment of dissolution entered on December 17, 1991 provided:
 "The items listed in Schedule A are the property of the plaintiff. Said items are to be picked up from the defendant at 1133 Wolff Hill Road, Cheshire, Connecticut, on or before January 31, 1992."
The plaintiff testified at length regarding items that he did not obtain when he visited the premises to remove the various items awarded to him by the judgment. Plaintiff's Exhibit A lists 32 items that the plaintiff claimed that he was unable to obtain. During the course of the hearing items listed #2, #22, #23, and #27 were agreed upon to be returned to the plaintiff by utilizing a mutual friend who was also a witness during the hearing. As the evidence developed, it became apparent to the court that the plaintiff had an opportunity to put one or more boxes on his trailer before the defendant had an opportunity to inspect them. Also, she was not present during the entire removal process. It further developed that the plaintiff traded with the defendant exchanging items on the list for items that were not on the list. It was testified by the defendant without contradiction that in CT Page 7007 lieu of a bread box he took three goblets. In lieu of a table lamp he took two antique book holders. Toward the end of the exchange a dispute developed between the plaintiff and the defendant and the defendant demanded an opportunity to examine everything that was put upon the plaintiff's trailer. Police were called by the defendant. The plaintiff then frustrated the defendant's request to examine the trailer by driving away before the police arrived. The witness that was present during the exchange testified that there had been no piling up of boxes and that an inspection would have been possible without great difficulty.
The conduct of the plaintiff which frustrated the inspection by the defendant or by the police, coupled with his election to leave with what he had on the trailer sight unseen, leads the court to believe he obtained everything that he wanted at that time and that he is not entitled to any further compensation. By horse trading items with the defendant during the exchange and by departing from the listing awarding the plaintiff certain items the parties in effect rewrote the agreement and attempted to settle matters while not observing the letter of the judgment. The court concludes that the plaintiff has not established that the defendant is in contempt of court nor has she done anything to frustrate the order of the court contained in the judgment that is contained above.
The plaintiff's motion for contempt is denied.
HARRIGAN, J.